IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZELIENOPLE AIRPORT AUTHORITY, )
      Plaintiff, )
)
v. ) Civil Action No. 10-1601
)
LANCASTER TOWNSHIP, et al., )
      Defendants. )
)

MEMORANDUM

Gary L. Lancaster,                                       May 10, 2011
Chief Judge.

      This is a dispute between the Zelienople Airport Authority (ZAA) and nearby Lancaster Township. Lancaster Township has refused to consent to Western Butler County Authority's (WBCA) extension of sewer service to the Airport. This issue has been in dispute since 2003. ZAA has filed a motion styled an "Emergency Motion for Declaratory Relief Based on 'Adjacent Areas' Exception to Articles of Incorporation." [doc. no. 14]. Although ZAA has not attached a proposed order, in the body of the motion ZAA requests "an Order declaring that the consent of Lancaster Township is not a condition to WBCA's providing sewer service to the Airport." [doc. no. 14 at 5]. Because Lancaster Township is the only municipality that has refused to consent to the extension of WBCA's sewer service to the Zelienople Airport, such relief, if granted, would constitute a final resolution of this matter on the merits,

displacing all federal claims and dispensing with the need for any further proceedings in this case. For the following reasons, we will deny the motion.

As an initial matter, we do not consider the present circumstances sufficient to warrant emergency relief. According to ZAA, an emergency exists because of the "imminent loss" of $275,000 in grant money from the Pennsylvania Bureau of Aviation for its sewer project. ZAA indicates that "[t]he current grant earmark to the Airport expired last week on April 30, 2011" and cannot be restored to "permanent earmark" status until the dispute between ZAA and Lancaster Township is resolved. The grant is apparently in "temporary earmark" status which can be terminated "…at the pleasure of the Governor's Office…" at any time. [doc. No. 14].

As stated above, this dispute began in 2003. There is no doubt that grant money and other economic opportunities related to the sewer project have been lost during the eight years that this dispute has been ongoing. ZAA has made no showing that the loss of this particular grant money is somehow unique, that future grant monies will be unavailable if this grant money is lost, or that economic damages could not remedy the loss of the grant at the conclusion of this case, if appropriate.

However, more importantly, on April 14, 2011, ZAA consented to extending Lancaster Township's deadline to answer the amended complaint until June 15, 2011 for the stated purpose of allowing settlement discussions to take place in April and May [doc. no. 12]. Lancaster Township's answer would have been due on April 19, 2011, which is notably before the current grant earmark expired. Moreover, according to Lancaster Township, counsel for ZAA actually delayed the scheduling of a settlement meeting between WBCA, ZAA, and all four pertinent municipalities during the week of April 25, 2011. ZAA cannot convince this court that an emergency exists when it agreed only weeks ago to grant an extension of two months to Lancaster Township to answer the amended complaint. The fact that settlement negotiations failed, or may have never even began for whatever reason, does not create an emergency.

Nor does the fact that ZAA very recently discovered a potentially favorable provision in WBCA's articles of incorporation, i.e., the adjacent areas provision, create an emergency. Despite the fact that these documents were filed with the Pennsylvania Department of State in 1973, it appears that ZAA did not discover the existence of this provision until after it filed its original complaint in December of 2010. Discovery of a new basis on which to obtain the relief

3

requested, regardless of its potential strength, does not create an emergency situation in an eight (8) year old dispute.

Finally, we will not grant emergency relief in a case over which our jurisdiction is disputed, and the presence of all indispensable parties is questioned. Lancaster Township filed a motion to dismiss ZAA's original complaint on the basis that this court lacked subject matter jurisdiction. In that motion, Lancaster Township raised serious questions as to whether ZAA's jurisdictional allegations are sufficient to invoke this court's federal question jurisdiction. Lancaster Township also argued that ZAA had failed to join indispensable parties and that the Courts of Common Pleas have exclusive jurisdiction over this dispute as it arises under the Pennsylvania Municipal Authorities Act of 1945, P.L. 382, as amended, 53 Pa. C.S.A. § 5601. Although ZAA's filing of the amended complaint renders the motion to dismiss moot, Lancaster Township has made the same arguments in opposition to this emergency motion. With such serious questions regarding our jurisdiction to preside over this case, we will not grant declaratory relief, which would amount to a final disposition of this case, in the context of an "emergency" motion.

As such, we deny ZAA's motion for emergency relief. An appropriate order will be filed contemporaneously with this memorandum. Lancaster Township's responsive pleading is due on June 15, 2011. Should ZAA wish to avoid the delay that may be associated with resolving whether this court has jurisdiction, ZAA is may file suit in the appropriate state court.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZELIENOPLE AIRPORT AUTHORITY, )
   Plaintiff, )
)
v. ) Civil Action No. 10-1601
)
LANCASTER TOWNSHIP, et al., )
   Defendants. )
)

## ORDER

AND NOW, this 10th day of May, 2011, for the reasons set forth in the accompanying memorandum, it is HEREBY ORDERED that Zelienople Airport Authority's "Emergency Motion for Declaratory Relief Based on 'Adjacent Areas' Exception to Articles of Incorporation" [doc. no. 14] is DENIED.

BY THE COURT,

_____, C.J.

cc: All Counsel of Record